**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Bickler, et al., | ) | No. CV-09-00726-PHX-DGC |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Senior Lifestyle Corp., | ) | |
| Defendant. | ) | |

Defendant has filed a motion to extend the disclosure deadline in this case. Dkt. #92. Plaintiffs have filed a response. Dkt #97. Defendant seeks an expedited decision, and asks the Court to extend the fact and expert discovery deadlines by approximately 60 days. For the reasons set forth below, the Court will deny the motion.

At a case management conference held on June 18, 2009 pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court established a firm schedule for this litigation. The Court explained at the conference that it would not be inclined to grant extensions of the schedule. The Case Management Order entered after the conference contained the following warning:

> The Deadlines Are Real. The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

Dkt. #22, ¶10. The Case Management Order established fact and expert deposition deadlines of December 18 and November 16, 2009, respectively.

1  The Court has reviewed its Livenote transcript of the case management conference. Plaintiffs counsel sought a 90-day discovery period due to the age and infirmity of their clients. Defense counsel stated that such a schedule was "ambitious," and sought additional time. The Court agreed that 90 days was too short, and set a fact discovery deadline six months later. As noted, however, the Court cautioned the parties at the hearing and in its subsequent order that it would hold them to the schedule.

The parties subsequently sought an extension of these deadlines. Dkt. #51. The Court granted the extensions, somewhat reluctantly, and extended the fact and expert deposition deadlines to January 31 and February 15, 2010, respectively. Dkt. #59. The Court warned the parties that it "**will not grant additional extensions absent truly extraordinary circumstances**." *Id.* ¶7 (emphasis in original). With these extensions, the parties have been afforded more than seven months to complete fact discovery and eight months to complete expert discovery. Moreover, these extended deadlines fall approximately one year after the case was filed on February 19, 2009. *See* Dkt. #1-2 at 2.

Rule 16 requires district judges to enter case management schedules and provides that such schedules "may be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

Defendant bases its request for another two months of discovery on several factors: the parties chose to engage in a mediation and therefore did not start discovery until after August, Plaintiffs have recently disclosed an additional treating physician and there is not time to depose him, and Defendant has had difficulty scheduling depositions of Plaintiffs' various treating physicians. Defendant also claims that Plaintiffs' counsel have been uncooperative in scheduling discovery, although the parties' correspondence suggests otherwise. *See* Dkt. #97, Exhibits.

1 The Court concludes that Defendant has not shown good cause for an extension of the discovery deadlines. This case was filed in February of 2009 and a six-month discovery schedule was established in June of 2009 with the warning that it would be enforced. Despite this schedule and the Court's warning, the parties did not start depositions until October. Dkt. #92 at 7. The parties' memoranda and attachments also reveal that expert depositions were largely postponed until this month, resulting, predictably, in scheduling problems.

Plaintiffs were required to disclose all experts and the identities of all treating physicians by October 30, 2009. *See* Dkt. ##17 ¶5(e), 59 ¶1. Defendant has thus had almost three months to complete their depositions. Postponement of that task has led to the current scheduling problems, but Defendant has not shown that the depositions could not have been completed within the Court's schedule through reasonable diligence. Nor do the other issues raised by Defendant make such a showing. The parties' decision to stop discovery while a mediation was held was made with full knowledge of the Court's schedule and the Court's warning, and without any request to adjust the schedule. Defendant complains that Plaintiffs only recently disclosed another treating physician, but the deadline for identifying such physicians was October 30, 2009. *See* Dkt. ##17 ¶5(e), 59 ¶1. As a general rule, the Court will not allow parties to call witnesses disclosed after the Court's deadline.

In short, Defendant has not shown that discovery in this case could not have been completed within the extended schedule through reasonable diligence. Defendant therefore has not shown "good cause" for an extension as required by Rule 16(b)(4).

Moreover, the Court stated in its order of November 11, 2009, that further extensions would not be granted absent truly extraordinary circumstances. Dkt. #50 ¶7. Defendant has not shown that truly extraordinary circumstances prevented it from complying with the Court's schedule.

"In these days of heavy caseloads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Parties must understand that they will

pay a price for failure to comply strictly with scheduling and other orders[.]" *Id.* "As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques." *Johnson*, 975 F.2d at 611.

**IT IS ORDERED** that Defendant's motion for expedited consideration (Dkt. #92) is **granted** and Defendant's motion to extend deadlines (Dkt. #92) is **denied**.

DATED this 28th day of January, 2010.

*David G. Campbell*
United States District Judge